IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

LARRY W. TERRY,

    Plaintiff,

v.                                      Civil Action No. CV-01-J-1492-J

BOMBARDIER, INC.; BOMBARDIER
CORPORATION; BOMBARDIER
RECREATIONAL PRODUCTS;
BOMBARDIER MOTOR
CORPORATION OF AMERICA,

    Defendants.

**MEMORANDUM OPINION**

Currently pending before the court is defendant's motion for summary judgment (doc. 14) and memorandum of law.[1] Plaintiff has not responded to the motion.[2] The court has reviewed the motion and the memorandum of law. Upon consideration of the pleadings and the motion, the court concludes that defendant's motion for summary judgment is due to be **GRANTED**.

**I. Procedural History**

Plaintiff commenced this action by filing a complaint on May 16, 2001, in the Circuit Court of Winston County, Alabama. Defendant subsequently filed a notice of removal (doc.

---

[1] Plaintiff stipulated to dismiss all defendants except Bombardier, Inc. (doc. 11).

[2] The scheduling order (doc. 12), entered June 28, 2001, states the dispositive motion deadline is March 31, 2002. This motion was filed April 1, 2002, as March 31, 2002, was a Sunday. Under the scheduling order plaintiff had until April 15, 2002, to respond to defendant's motion.

1) pursuant to 28 U.S.C. § 1332 on diversity of citizenship grounds. Plaintiff sued under Alabama law for negligence, wantonness, breach of implied warranty of merchantability, breach of implied warranty of fitness for a particular purpose, failure to warn, violations of the Alabama Extended Manufacturer's Liability Doctrine ("AEMLD"), and an alternative claim under Admiralty/Maritime law.

## II. Factual Background

Bombardier, Inc. ("defendant") is a corporation organized and existing under the laws of Canada, with its principal place of business in Montreal, Quebec, Canada. Notice of Removal at ¶ 3. Larry W. Terry ("plaintiff") is a resident of Lawrence County, Alabama. Complaint at ¶ 1.

On May 16, 1999, plaintiff was operating his Sea-Doo watercraft ("Sea-Doo") on Smith Lake in Winston County, Alabama. Complaint at ¶ 24. Either while refueling his Sea-Doo, or immediately thereafter, flames ignited in and about the Sea-Doo and severely burned plaintiff. Complaint at ¶ 26. Plaintiff suffered second degree burns over ten percent of his body, and first degree burns on his face. Complaint at ¶ 27.

## III. Standard of Review for Evaluating a Summary Judgment Motion

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S.

317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).   As the Supreme Court has explained the summary judgment standard:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since the complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

*Celotex Corp.*, 477 U.S. at 322-23, 106 S.Ct. at 2552.  The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrates the absence of a genuine issue of material fact. *Id.* at 323, 106 S.Ct. at 2553. The burden then shifts to the non-moving party to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553 (quoting Fed. R. Civ. Pro. 56(e)).  In meeting this burden the non-moving party "must do more than simply show that there is a metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).  That party must demonstrate that there is a "genuine issue for trial." Fed. R. Civ. Pro. 56(c); *Matsushita*, 475 U.S. at 587, 106 S.Ct. at 1356.  The non-movant must "demonstrate that there is indeed a material issue of fact precluding summary judgment." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991).

On motions for summary judgment, the court shall construe the evidence and factual inferences arising therefrom in the light most favorable to the nonmoving party. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). The substantive law will identify which facts are material and which are irrelevant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir.1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *Id.* at 249-50, 106 S.Ct. at 2511. The basic issue before the court on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52, 106 S.Ct. at 2512.

## IV. Analysis

Defendant moves for summary judgment on all claims. Defendant avers that plaintiff has failed to offer any evidence of a defect in the Sea-Doo, nor has plaintiff shown the availability of a safer, practical alternative design as required by the AEMLD. *See* Def. brief at 2. As such, defendant argues that summary judgment should be granted. Plaintiff has not responded to the motion for summary judgment nor has he submitted any

evidence in this case.

Plaintiff's suit contains seven causes of action against defendant, including an AEMLD claim. Under Alabama law, plaintiff's claims for negligence, wantonness, breach of implied warranty of merchantability, and breach of implied warranty of fitness for a particular purpose are merged into the AEMLD claim. *See, e.g.*, *McClain v. Metabolife Int'l, Inc.*, 2002 WL 550024, *4 (N.D.Ala.2002) (implied warranties of merchantability and fitness for a particular purpose); *Yarbrough v. Sears, Roebuck & Co.*, 628 So.2d 478, 483 (Ala.1993) (implied warranty of merchantability); *Veal v. Teleflex, Inc.*, 586 So.2d 188, 190-91 (Ala.1991) (negligence and wantonness). Thus, defendant is entitled to judgment in its favor on plaintiff's claims for negligence, wantonness, breach of implied warranty of merchantability, and breach of implied warranty of fitness for a particular purpose.

An AEMLD plaintiff must establish a prima facie case against a manufacturer under the AEMLD. As such, "plaintiff must show that (1) the defendant manufacturer sold a defective product, (2) the defect was the cause in fact of the plaintiff's injury and is traceable to the defendant, and (3) the product reached the plaintiff without substantial modification to the condition in which it was sold." *Goree v. Winnebago Indus., Inc.*, 958 F.2d 1537, 1541 (11th Cir.1992). The plaintiff must come forward with some evidence to support an inference that the product in question was defective, and that his injury was caused by the defect. *See id.* Plaintiff has failed to supply any evidence showing that the

product was defective and that his injury was caused by the defect. Therefore, defendant's motion for summary judgment for violations of the AEMLD is due to be **GRANTED**.

Plaintiff brings a claim for failure to warn sounding in negligence. "A negligent- or wanton-failure-to-warn claim cannot be submitted to a jury unless there is substantial evidence that the allegedly inadequate warning would have been read and heeded and that it would have prevented the accident." *Sears, Roebuck and Co. v. Harris*, 630 So.2d 1018, 1030 (Ala.1993). In this case, plaintiff has failed to supply any evidence of the adequacy or inadequacy of the warning. Plaintiff also failed to submit any evidence that such warning would have been read and heeded by him and, hence, prevented the accident. Therefore, defendant's motion for summary judgment on the failure to warn claim is due to be **GRANTED**.

In the alternative, plaintiff seeks to recover under Admiralty and/or Maritime law. When a party has moved for summary judgment, the non-moving party must affirmatively set forth specific facts showing a genuine issue for trial and may not rest upon the mere allegations of his or her pleadings. *See* Fed. R. Civ. Pro. 56(e). Plaintiff has failed to put forth any evidence in support of this claim. Therefore, defendant's motion for summary judgment on the admiralty/maritime claim is due to be **GRANTED**.

### V. Conclusion

The court, finding that there are no genuine issues of material fact in dispute, and that

the defendant is entitled to judgment in its favor as a matter of law, **ORDERS** that the defendant's motion for summary judgment is hereby **GRANTED**. The plaintiff's claims are **DISMISSED WITH PREJUDICE.** Each party is to bear its own costs.

**DONE** this 22 day of April, 2002.

INGE P. JOHNSON
U.S. DISTRICT JUDGE